FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30295 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00160-JLR-3 |
| v. | |
| WILLIAM S. POFF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 9, 2011[**]
Seattle, Washington

Before: GUY,[***] McKEOWN, and TALLMAN, Circuit Judges.

William S. Poff appeals his conviction on six counts of promotional money

laundering under 18 U.S.C. § 1956 and his conviction on six counts of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph B. Guy, Jr., Senior United States Circuit Judge
for the Sixth Circuit Court of Appeals, sitting by designation.

transactional money laundering under 18 U.S.C. § 1957. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Poff's sole argument on appeal is that his conviction on six counts of "transactional" money laundering under 18 U.S.C. § 1957 violates the Double Jeopardy Clause because he was also convicted on six counts of "promotional" money laundering under 18 U.S.C. § 1956(a)(1)(A)(i), largely on the same evidence. Because Poff failed to raise this argument in the district court, we review for plain error. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).

Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether they are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 234 U.S. 299, 304 (1931). The elements of the offenses are determinative, even if there is a substantial overlap in their proof. *Albernaz v. United States*, 450 U.S. 333, 338 (1981). "The fact that a defendant violates by a single transaction several regulatory controls devised by Congress . . . does not make the several different regulatory controls

2

single or identic." *Id.* at 338 (quoting *Gore v. United States*, 357 U.S. 386, 389 (1958)).

Further, the Supreme Court has explicitly rejected the "same conduct" analysis which Poff now advocates. *United States v. Dixon*, 509 U.S. 688 (1993) (expressly overruling *Grady v. Corbin*, 495 U.S. 508 (1990), which had held a subsequent prosecution must satisfy a "same-conduct" test to avoid the double jeopardy bar). In *Dixon*, the Court made clear that the *Blockburger* test is the appropriate test for determining whether the Double Jeopardy Clause precludes additional punishment or successive prosecutions. *Id.* at 704.

In this case, § 1956 requires proof of "intent to promote the carrying on of specific unlawful activity," while § 1957 does not. 18 U.S.C. § 1956(a)(1)(A)(i). Conversely, § 1957 requires proof that the defendant engaged in a monetary transaction "in criminally deprived property of a value greater than $10,000," whereas § 1956 does not. 18 U.S.C. § 1957(a). In addition, based on the charges against Poff, to establish a violation of § 1957, the government was required to prove that he conducted his activities in the United States. 18 U.S.C. § 1957. This proof was not required for the § 1956 charges. Finally, we have noted previously the elements that differentiate §§ 1956 and 1957. *See United States v. Rutgard*, 116 F.3d 1270, 1291 (9th Cir. 1997) (noting five elements of § 1956 that

3

differentiate it from § 1957). Neither offense is a lesser-included offense of the other, and Congress enacted separate penalties for each offense.

Poff's conviction on six counts of transactional money laundering under § 1956 and six counts of promotional money laundering under § 1957 does not violate the Double Jeopardy Clause.

**AFFIRMED.**